KOHL *v.* MARIN.

1. TRIAL—VERDICTS—CONJECTURE.
   A verdict of the jury may not rest upon bare conjecture.

2. SAME—MOTION FOR DIRECTED VERDICT—EVIDENCE.
   Evidence presented in action by administratrix of deceased south-

---

bound motorist against estate of deceased northbound motorist must be viewed in the light most favorable to plaintiff, where a motion for directed verdict was made by defendant.

3. EVIDENCE—AUTOMOBILES—PRESUMPTION OF DUE CARE—EYEWITNESSES.
   Plaintiff was entitled to the presumption that her decedent motorist was exercising due care and caution when he collided head-on with defendant's decedent motorist, where there were no living eyewitnesses at time of trial.

4. AUTOMOBILES—NEGLIGENCE—PROXIMATE       CAUSE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF FACTS—DISAGREEMENT OF JURY.
   Defendant's motion for judgment of no cause of action was properly denied after disagreement of jury in action by motorist, now deceased, against estate of oncoming motorist for injuries arising from head-on collision, where evidence presented questions of fact for jury's determination as to negligence of defendant's decedent, proximate cause and freedom from contributory negligence of plaintiff's decedent.

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted June 15, 1956. (Docket No. 77, Calendar No. 46,911.) Decided October 1, 1956.

Case by Max Kohl, continued in the name of his administratrix, Myrtle Kohl, against William Marin, administrator of the estate of Ernest Jerome Scott, deceased, for damages for personal injuries sustained in automobile collision. After jury disagreed, defendant moved for directed verdict. Motion denied. Defendant appeals. Affirmed.

*Nuel N. Donley,* for plaintiff.

*Charles H. Menmuir (Stuart D. Hubbell,* of counsel), for defendant.

KELLY, J. On January 31, 1951, at 6:30 p.m. a Dodge pickup truck driven by plaintiff's decedent, Max Kohl, and a Ford sedan driven by defendant's

decedent, Ernest J. Scott, collided on US-131 south of Morley, Michigan. Kohl was driving in a southerly direction and Scott was driving north. Scott and his wife died as a result of this accident and Kohl, who was seriously injured, survived only to die at a later date from other causes. Hence, at the time of trial there were no eyewitnesses to the actual impact.

The jury was unable to agree upon a verdict and the trial court dismissed the jury and ordered a new trial. At the close of proofs and before the case was submitted to the jury, defendant made a motion for a judgment of no cause of action because of failure of proof of defendant's decedent's negligence and failure of proof to show that plaintiff's decedent was free of contributory negligence. After the jury disagreed defendant renewed his motion for judgment of no cause of action,* and this appeal is from the order of the court denying defendant's motion.

On the night of the collision a snow storm was raging, limiting safe driving to not more than 20 miles per hour. Howard L. Soper, sheriff of Mecosta county, described weather conditions that night as follows: "The condition of the weather that night was very, very bad. In fact, it was the worst night I have ever been out in."

Carl Eugene Lyons testified that he was driving north and when about 300 feet south of the point of impact defendant's decedent, Ernest Jerome Scott, passed him on his left, traveling 60 miles per hour; that when he arrived at the point of collision he found defendant's decedent's car "over the center line." He testified:

"I know it was over the center line because the radiator was leaking and the hot alcohol melted the

---

* See CL 1948, §§ 618.53, 691.691, 691.701 (Stat Ann §§ 27.1033, 27.1461, 27.1471).—Reporter.

snow and ice off the pavement. The front end of the Scott car was over the center line, the left side and the front end was over. When I say over the center line, I mean on to the west of the highway; over on the western portion of the highway. It was over approximately 2 feet."

When Lyons arrived at the place of collision he turned his car to the left of defendant's decedent's car, endeavoring to go around said car, and was then confronted by the Kohl vehicle, which he struck and pushed ahead of him to the north about 15 feet.

Defendant contends that plaintiff's decedent's car may have been over on the left side of the center line at the time of collision and before being struck by the Lyons' car and defendant called to the stand an expert witness who gave as his opinion that plaintiff's decedent's car was over the center line at the time of impact.

Defendant offered evidence to the effect that plaintiff's decedent was a member of Alcoholics Anonymous; that he had had a sandwich and 3 or 4 bottles of beer shortly before the collision, and, further, that plaintiff's decedent had lost the vision of 1 eye in a prior accident. There was no proof that plaintiff's decedent was intoxicated at the time of the collision and the person who served him the beer testified that in his opinion he was not intoxicated.

While it is true that a verdict may not rest upon bare conjecture, a reading of this record convinces us that sufficient evidence was produced to create questions of fact upon which the minds of reasonable men might differ. We point out that on a directed verdict the evidence is viewed in the light most favorable to plaintiff and, furthermore, since plaintiff was deceased at the time of trial and there were no eyewitnesses to the collision, plaintiff was entitled to the presumption that plaintiff's decedent was exercising due care and caution.

The trial court was justified in denying the motion of the defendant and in finding that the questions of defendant's decedent's negligence, of proximate cause, and of plaintiff's decedent's freedom from contributory negligence were all proper questions of fact for a jury's determination.

Order affirmed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, CARR, and BLACK, JJ., concurred with KELLY, J.

BOYLES, J., concurred in the result.